*1220 OPINION.
MoRRis:
The question raised is whether, in determining the gain on the sale of the property herein, the cost of the option should be included as a part of the cost of the property to the petitioner.
It is obvious that the option cost the petitioner $25,000 par value of its capital stock, but this exchange of corporate stock for the option does not. in and of itself prove that the market value of the option was $25,000. However, considering all the factors surrounding this option, the acquisition of the property by the petitioner and the later resale, and the period of time within which all these negotiations were consummated, it is our opinion that the record clearly substantiates the value of $25,000 placed on the option by the petitioner.
A brief résumé of the facts shows that, at the time the petitioner issued its stock for the option, two contracts for the sale of the larger portion of the whole tract of 276 acres had been entered into whereby the petitioner would realize a profit over and above the purchase price of the land of more than $50,000. In addition to the profits which would result from these contracts, petitioner still held two parcels the disposition of which would further increase its profits on the whole transaction. Finding as we do that the option had a value of $25,000, the issuance by the corporation of its capital stock in that amount represents additional cost to it of all the property subsequently purchased upon the exercise of the option, which additional cost should be taken into consideration in determining the gain derived from the sale of the property.
At the hearing counsel stipulated with respect to the second allegation of error that the computation of the tax should be on the installment sales basis.
Judgment will he entered on 15 days' notice, under Bule 50.